UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KING GEORGE MURRAY, III** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-3245** |
| **STATE OF LOUISIANA, ET AL.** | **SECTION: "S" (1)** |

**ORDER AND REASONS**

**IT IS HEREBY ORDERED** that the Motion to Recuse and Stay of Jail Term filed by plaintiff, King George Murray, III (Doc. #6), is **DENIED.**

**IT IS FURTHER ORDERED** that the Motion to Dismiss, Premised Upon Prescription and Failure to State a Claim Under Rule 12(b) and Objection to Venue filed by defendants Jerry L. Jones and Stephen Sylvester (Doc. #17), is **GRANTED**, and plaintiff's claims against defendants Jones and Sylvester are dismissed.

**IT IS FURTHER ORDERED** that the Motion to Dismiss filed by defendant, the State of Louisiana (Doc. #20), is **GRANTED**, and plaintiff's claims against the State of Louisiana and his challenge to the constitutionality of the Louisiana Sex Offender Registration Act, Louisiana Revised Statutes §15:540, *et seq*., are dismissed.[1]

---

[1] Governor Bobby Jindal was also a party to this motion. Plaintiff voluntarily dismissed Governor Jindal from the suit before the motion was heard. (Doc. #29).

## BACKGROUND[2]

This matter comes before the court on a motion to dismiss filed by defendants, Jerry L. Jones and Stephen Sylvester, and a motion to dismiss filed by defendant, the State of Louisiana. Defendants Jones and Sylvester argue that the plaintiff's §1983 claims against them should be dismissed pursuant to Rule 12(b)(6) because plaintiff has not sufficiently alleged an action or omission by a them, committed under color of law, that caused a violation of plaintiff's federally protected rights. Defendants Jones and Sylvester also contend that they are entitled to absolute immunity as to all of plaintiff's claims against them, and that plaintiff's §1983 claims against them have prescribed. Further, defendants Jones and Sylvester argue that this case should be dismissed pursuant to Rule 12(b)(3) due to improper venue.

The State of Louisiana argues that plaintiffs claims against it should be dismissed pursuant to Rule 12(b)(1), because it is entitled to sovereign immunity. The State of Louisiana also argues that plaintiff's challenge to the constitutionality of the Louisiana Sex Offender Registration Act, Louisiana Revised Statutes §15:540, *et seq.*, (the "Act") should be dismissed pursuant to Rule 12(b)(6), because the statute is not punitive and cannot violate the *Ex Post Facto* Clause, the Double Jeopardy Clause, or the prohibition against cruel and unusual punishment. Further, the State of

---

[2] Plaintiff filed three separate actions, Civil Action Nos. 09-3245, 09-3246, and 09-3247, in which he alleges that the defendants violated his civil rights and committed various torts in connection with his arrest and prosecution for oral sexual battery. Also, in Civil Action No. 09-3245, plaintiff challenges the constitutionality of the Louisiana Sex Offender Registration Act, Louisiana Revised Statutes §15:540, *et seq.* The defendants to Civil Action No. 09-3245 are the State of Louisiana, Jerry Jones, Stephen Sylvester, Don Bartley, and the Monroe City Police Department. The defendants to Civil Action No. 09-3246 are Jerry Jones and Stephen Sylvester. The defendants to Civil Action No. 09-3247 are Don Bartley and the Monroe City Police Department.

Louisiana argues that the Act does not violate the Equal Protection Clause, because the law is not subject to strict or heightened scrutiny, and it is rationally related to the legitimate state interest of public safety.

On November 29, 1994, plaintiff was convicted of oral sexual battery in the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana. He was released from prison in 2001, and has been required to comply with the registration and notification provisions of the Act. Plaintiff filed this action seeking a declaration that the Act is unconstitutional, and monetary damages under 42 U.S.C. §1983 and state law for violations of his civil rights that allegedly occurred due to his conviction and the enforcement of the Act.

## LAW AND ANALYSIS

**1.** **Legal Standard**

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case." Ramming v. United States, 281 F.3d 158, 161 (5th Cir.2001). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Id. In a 12(b)(1) motion, the party asserting jurisdiction bears the burden of proof that jurisdiction does in fact exists. Id.

Rule 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, enough facts to state a claim for relief that is plausible on its face must be pleaded. In re Katrina Canal Breaches Litigation, 495

F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl., 127 S.Ct. at 1965.

Because plaintiff is proceeding *pro se*, the court must construe his pleadings liberally. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995). However, "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981).

**2.     Plaintiff's Motion to Recuse and Stay Jail Term**

Plaintiff filed a motion seeking a stay of an impending jail term. In his motion, plaintiff states that he faces jail time for his inability to comply with the Act, and asks the court to stay his jail term. Plaintiff's motion is premised upon the constitutionality of the Act. Because the court finds that the Act is constitutional, as discussed hereinafter, Plaintiff's motion to recuse and stay jail term is denied.

**3.     Defendants Jones' and Sylvester's Absolute Immunity**

Prosecutors are entitled to absolute immunity for acts performed as advocates of the state. Imbler v. Pachtman, 96 S.Ct. 984, 995, n. 33 (1976). "Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process. Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994). A prosecutor's absolute immunity also extends to "'actions preliminary to initiation of a prosecution and actions apart from the courtroom.'" Buckley v. Fitzsimmons, 113 S.Ct. 2606, 2615 (1993) (quoting Imbler, 96 S.Ct. at 995,

4

n. 33). Further, "[a]bsolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently." Rykers v. Alford, 832 F.2d 895, 897 (5th Cir. 1987). Because plaintiff's claims against defendants Jones and Sylvester arise out of the exercises of their authority as a district attorney and an assistant district attorney, respectively, they are entitled to absolute immunity, and plaintiff's claims against them are dismissed.

**4.      The State of Louisiana's Sovereign Immunity**

Plaintiff's claims against the State of Louisiana are barred by the Eleventh Amendment. The Eleventh Amendment bars citizens' suits in federal court against states, their alter egos, and state officials acting in their official capacities, unless the state has waived its sovereign immunity. Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 313 (5th Cir. 1999) (citing Voisin's Oyster House v. Guidry, 799 F.2d 183, 185 (5th Cir. 1986)); Cozzo v. Tangipahoa Parish Council, 279 F.3d 273, 280 (5th Cir. 2002). The United States Fifth Circuit Court of Appeals has noted:

> By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See LA. REV. STAT. ANN. §13:5106(A).
>
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting §1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Cozzo, 279 F.3d at 281 (internal quotations and citations omitted). The sovereign immunity embraced by the Eleventh Amendment is jurisdictional in nature. Id. at 280 (citing Koehler v. United States, 153 F.3d 263, 267 (5th Cir. 1998)). Because plaintiff's claims against the State of Louisiana

5

are barred by the Eleventh Amendment immunity, plaintiff's claims against the State of Louisiana dismissed.

**5.     Constitutionality of Louisiana Sex Offender Registry Act**

Plaintiff claims that the Act is unconstitutional. Specifically, plaintiff claims that the Act violates the *Ex Post Facto* Clause, violates the Double Jeopardy Clause, imposes cruel and unusual punishment, and violates the Equal Protection Clause. The State of Louisiana argues that plaintiff's constitutionality challenge does not state a claim for relief, because the statute is constitutional.

**A.     *Ex Post Facto* Clause**

The *Ex Post Facto* Clause "forbids the application of any new punitive measure to a crime already consummated." This clause has been interpreted to pertain exclusively to penal statutes. Kansas v. Hendricks, 117 S.Ct. 2072, 2086 (1997) (citing California Dept. of Corrections v. Morales, 115 S.Ct. 1597, 1601 (1995)). The Fifth Circuit has held that the Act is not punitive, and thus cannot violated the *Ex Post Facto* Clause. Moore v. Avoyelles Correctional Ctr., 253 F.3d 870, 873 (2001).

**B.     Double Jeopardy Clause**

The Double Jeopardy clause provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy for life or limb." The Supreme Court has held that the Double Jeopardy Clause not only precludes a second prosecution, but also prevents States from "punishing twice, or attempting a second time to punish criminally, for the same offense." Hendricks, 117 S.Ct. at 2086 (quoting Witte v. U.S., 115 S.Ct. 2199, 2204 (1995)). Because the Act is not penal in

6

nature, it cannot violate the Double Jeopardy Clause. See id.; see also Moore, 253 F.3d at 873; see also Femedeer v. Haun, 227 F.3d 1244, 1254 (10th Cir. 2000).

**C.     Cruel and Unusual Punishment**

The Eight Amendment prohibits cruel and unusual punishment. Because the Act is not punitive, it does not violate the Eight Amendment. See Moore, 253 F.3d at 873; see also Hendricks, 117 S.Ct. at 2086; see also Hatton v. Bonner, 356 F.3d 955, 967 (9th Cir. 2004); see also Cutshall v. Sundquist, 193 F.3d 466, 478 (6th Cir. 1999)*.*

**D.     Equal Protection**

The Equal Protection Clause of the Fourteenth Amendment essentially requires that all persons similarly situated be treated alike. Stefanoff v. Hay Co., Tex., 154 F.3d 523, 525-26 (5th Cir. 1998). To establish an equal protection claim, a plaintiff must prove: (1) that the defendant created two or more classifications of similarly situated plaintiffs that were treated differently; and, (2) that the classification had no rational relation to any legitimate government objective. Id. at 526. State statutes are presumptively constitutional. Lemon v. Kurtzman, 93 S.Ct. 1463, 1473 (1973) (citing San Antonio Indep. School Dist. v. Rodriguez, 93 S.Ct. 1278, 1311 (1973)).

Strict scrutiny is required of government action which implicates a fundamental right or discriminates against a suspect class. Sonnier v. Quarterman, 476 F.3d 349, 368 (5th Cir. 2007) (citing Plyer v. Doe, 102 S.Ct. 2382, 2394 (1982)). Statutes which affect fundamental rights pass constitutional muster only if it addresses a compelling governmental interest and is narrowly tailored to achieve that goal. Longoria v. Dretke, 507 F.3d 898, 902 (5th Cir. 2007) (citing Sherbert v. Verner, 83 S.Ct. 1790 (1963)).

Plaintiff alleges that the Act treats sex offenders differently than other criminals by imposing registration and notification obligations on sex offenders that are not required of other criminals. Over the years, the Supreme Court has determined that suspect classes for equal protection purposes include classifications based on race, religion, alienage, national origin, and ancestry. See Burlington N. R.R. Co. v. Ford, 112 S.Ct. 2184, 2186 (1992) (holding classification based on religion is a suspect classification); Graham v. Richardson, 91 S.Ct. 1848, 1852 (1971) (holding classification based on alienage is a suspect classification); Loving v. Virginia, 87 S.Ct. 1817, 1823 (1967) (holding classification based on race is a suspect classification); Oyama v. California, 68 S.Ct. 269, 274-74 (1948) (holding classification based on national origin is a suspect classification); Hirabayashi v. U.S., 63 S.Ct. 1375 (1943) (holding classification based on ancestry is a suspect classification). Qusai-suspect classes, or those subject to heightened review, include classifications based on gender or illegitimacy. See Mississippi University for Women v. Hogan, 102 S.Ct. 3331, 3336 (1982) (holding classifications based on gender calls for heightened standard of review); Trimble v. Gordon, 97 S.Ct. 1459, 1463 (1977) (holding illegitimacy is a quasi-suspect classification). Sex offenders are not a suspect or quasi-suspect class. Further, the sex offender registration requirements do not implicate a fundamental constitutional right. See Artway v. Attorney Gen. of State of N.J., 81 F.3d 1235, 1267-68 (3rd Cir. 1996). Thus, strict scrutiny is not required.

If the challenged government action does not appear to classify or distinguish between two or more relevant persons or groups, or implicate a fundamental right, then the government action, even if irrational, does not violate the Equal Protection Clause. Vera v. Tue, 73 F.3d 604, 610 (5th

Cir. 1996) (citing Brennan v. Stewart, 934 F.2d 1248, 1257 (5th Cir. 1988)); Stefanoff, 154 F.3d at 525. Statutes involving social policy issues that do not involve suspect classes or infringe upon fundamental constitutional rights "must be upheld against an equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." FCC v. Beach Comm'ns, Inc., 113 S.Ct. 2096, 2101 (1993). As the Supreme Court noted:

> In the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some reasonable basis, it does not offend the Constitution simply because the classification is not made with mathematical nicety or because in practice it results in some inequality. The problems of government are practical ones and may justify, if they do not require, rough accommodations-illogical, it may be, and unscientific.

U.S.R.R. Ret. Bd. v. Fritz, 101 S.Ct. 453, 459 (1980) (internal quotations and citations omitted).

Under rational-basis review, "[t]he government violates the Equal Protection Clause when it treats someone differently than another who is similarly situated without a rational basis for the disparate treatment. KT.&G Corp. v. Attorney Gen. Of Stat of Okla., 535 F.3d 1114, 1137-38 (10 th Cir. 2008) (quoting Christian Heritage Acad. v. Okla. Secondary Sch. Activities Ass'n, 484 F.3d 1025, 1031 (10th Cir. 2007)). "As to the rational relationship between the classification and purpose, we require only that the legislative body . . . could rationally have decided that its classification might foster its purpose." Id. at 1138 (quoting Christian Heritage Acad., 483 F.3d at 1033). "In most cases, the classification and purpose are rationally related." Id.

The Act is rationally related to a legitimate state interest. Louisiana Revised Statutes §15:540(A) explains that the Act was enacted, because the Louisiana Legislature found that:

> sex offenders, sexually violent predators, and child predators often pose a high risk of engaging in sex offenses, and crimes against victims who are minors even after being released from incarceration or commitment and that protection of the public from sex offenders, sexually violent predators, and child predators is of paramount governmental interest . . . Release of information about sex offenders, sexually violent predators, and child predators to public agencies, and under limited circumstances tot he general public, will further the governmental interest of public safety . . .

Further, in Artway the Third Circuit Court of Appeals held that protecting vulnerable individuals from sexual offenses is a legitimate governmental interest. 81 F.3d at 1268. Requiring registration of sex offenders is rationally related to that interest, because it permits vulnerable individuals to know that a sex offender lives in the area so that he or she can protect him or herself. See id. Thus, the Act does not violate the Equal Protection Clause.

## CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the Motion to Recuse and Stay of Jail Term filed by plaintiff, King George Murray, III (Doc. #6), is **DENIED.**

**IT IS FURTHER ORDERED** that the Motion to Dismiss, Premised Upon Prescription and Failure to State a Claim Under Rule 12(b) and Objection to Venue filed by defendants Jerry L. Jones and Stephen Sylvester (Doc. #17), is **GRANTED**, and plaintiff's claims against defendants Jones and Sylvester are dismissed.

**IT IS FURTHER ORDERED** that the Motion to Dismiss filed by defendant, the State of Louisiana (Doc. #20), is **GRANTED**, and plaintiff's claims against the State of Louisiana and his

challenge to the constitutionality of the Louisiana Sex Offender Registration Act, Louisiana Revised Statutes §15:540, *et seq*., are dismissed.

New Orleans, Louisiana, this   21st   day of January, 2010.

**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**